IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LOVENIA FORD,<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>NEW LIFE CHILDCARE CENTER AND CHURCH,<br><br>　　　　**Defendant.** | §<br>§<br>§　CIVIL ACTION NO.  6:24-CV-00288-JCB<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Lovenia Ford's ("Plaintiff") complaint filed on August 13, 2024.  (Doc. No. 1.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

**DISCUSSION**

Plaintiff has sued Defendant New Life Childcare Center and Church for violations of the Texas Commission on Human Rights Act (TCHRA) related to her termination from employment as an African American individual. (Doc. No. 1, at 6–8.) Plaintiff's complaint alleges that she only intends to litigate claims related to the TCHRA, the Texas Workforce Commission, and the common law of Texas, and expressly avers alleging any federal claims. *Id.* at 4.

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or

1

diversity jurisdiction. 28 U.S.C. § 1331–32. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, Plaintiff has alleged that she is a citizen of Texas who presently resides in Smith County, Texas, and Defendant is also listed as a citizen of Texas located at 18535 Hwy 69 S. Tyler, TX 75703. (Doc. No. 1, at 2.) As such, diversity of citizenship is lacking in this case.

Subject matter jurisdiction may also be established through federal question jurisdiction for civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, however, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. As discussed, Plaintiff only alleges violations of the TCHRA, a Texas statute. (Doc. No. 1, at 6–8.) While it is possible that Plaintiff's factual allegations may ultimately provide a basis for a federal claim, she has not alleged any such claim in this case. This failure is apparent from her exclusive assertion of Texas claims and her failure to mention or include any EEOC charge that would inform both the timing of the charge for purposes of causation as well as whether a claim was timely made. Moreover, the court will not speculate when Plaintiff has specifically averred her assertion of any federal claim, stating "Plaintiff hereby affirmatively avers that she has not alleged any federal cause of action." *Id.* at 4. Therefore, as pleaded, Plaintiff has not stated a federal claim.

Accordingly, the court lacks jurisdiction over Plaintiff's claims, and this case should be dismissed without prejudice.

## CONCLUSION

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore

**RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 19th day of August, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE